UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHAWANDA WIGGINS                                CIVIL ACTION

v.                                              NO. 08-0008

UNITED STATES OF AMERICA                        SECTION "F"


ORDER AND REASONS

Before the Court is defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

Background

In this Federal Tort Claims Act suit, plaintiff Shawanda Wiggins seeks damages for injuries she sustained when she slipped and fell on the wet floor of the Marrero post office.

On May 27, 2006, at 1:30 p.m., Ms. Wiggins went to the Marrero post office to check her post office box. Latasha Antoine, Ms. Wiggins' niece, drove her to the post office; it had been raining, but the rain had stopped by the time they arrived. Upon entering the post office, as she walked to her box, she slipped on the wet floor and fell, straining her back.

Because it was a weekend afternoon, the post office was closed except to boxholders -- the box area is open 24 hours a day. Though there is typically a rug or mat at the entrance, on that day, there was no rug. After she fell, her niece helped Ms. Wiggins back to her car, and drove her back home. Ms. Antoine then

1

called an ambulance, which took Ms. Wiggins to the hospital.

On January 2, 2008, Ms. Wiggins sued the United States of America for negligence, for failing to dry the wet floor, failing to warn of the wet floor, and failing to provide adequate floor mats. The United States now seeks summary relief on the ground that no material issues of fact exist and the government is not liable under current Louisiana law. The Court agrees.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish

2

an essential element of her case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The United States is immune from suit, except to the extent it has waived its sovereign immunity. FDIC v. Myers, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Sovereign immunity is jurisdictional; the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (citing United States v. Sherwood, 312 U.S. 584, 586 (1941) and quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, is a

limited waiver of this sovereign immunity, allowing suits "for damages 'caused by the negligent or wrongful act or omission of any employee of the Government...'" <u>Aretz v. United States</u>, 604 F.2d 417, 426 (5th Cir. 1979)(quoting 28 U.S.C. § 1346(b)). "The statute provides broadly that the United States will accept liability for common torts committed by its agents to the same extent in the same manner of liability would attach to a private individual in similar circumstances." <u>Williamson v. U.S. Dept. of Agriculture</u>, 815 F.2d 368, 374 (5th Cir. 1987)(citing <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976)); <u>Thomas v. Calavar Corp.</u>, 679 F.2d 416, 418 (5th Cir. 1982)). For the United States to be amenable to suit under the FTCA, the injury must have been caused "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the alleged acts and omissions occurred in Louisiana. Thus, the question for the Court is whether, on the record presented here, a private person would be liable under Louisiana's law of negligence.

The complaint against the United States focuses the defendant's failure to warn of the wet floor or of rainwater tracked in on the floor, or to provide floor mats. The complaint does not allege that specific individuals were negligent in a specific manner; rather, Ms. Wiggins' claim is one of premises liability. The Fifth Circuit has apparently not resolved the split

4

among the district courts as to whether or not a claim for premises liability that fails to name a particular individual states a claim under the FTCA. Several district courts have held that the FTCA does not waive immunity for claims of general premises liability. See Charles v. United States Postal Service, No. 06-277, 2007 WL 925899, at *2 (E.D. La. Mar. 13, 2007)(Africk, J.)(holding that the FTCA does not permit claims alleging premises liability, but does permit claims of negligence where specific government employees are alleged to be negligent; alternatively holding that the plaintiff's claim fails because the plaintiff failed to raise an issue of fact as to asserted negligence); Graubarth v. U.S. ex rel. Dept. of Interior, No. 05-892, 2005 WL 3543763, at *4 (E.D. La. Oct. 4, 2005)(holding that, where plaintiff's complaint failed to name any specific federal employees for any specific acts of negligence, plaintiff's claim was one for premises liability and could not be sustained by the FTCA); Centanni v. United States Postal Service, No. 03-627, 2004 WL 385057, at *2 (E.D. La. Feb. 27, 2004)(Engelhardt, J.)(noting that "it appears that the substance of [plaintiff's] claim is one of premises liability, which fails to state a claim under the FTCA" and determining, alternatively, that the United States submitted sufficient summary judgment evidence to show it was not negligent); Perkins v. United States, No. 98-2636, 1999 WL 148442, at *2 (E.D. La. Mar. 17, 1999) (Sear, J.)("the FTCA does not permit suits for general premises liability to the extent

5

that such theories resemble strict liability as opposed to a 'more focused approach that requires the court to [consider] ... the actor whose negligence might be imputed to the government under state law.'")(quoting Berkman v. United States, 957 F.2d 108, 113 (4th Cir. 1992)); Cupit v. United States, 964 F. Supp. 1104, 1112 (W.D.La. 1997)(finding that "this is not an issue that has been defined by the Fifth Circuit" and dismissing plaintiff's claims against the United States "to the extent that they are founded on general state law premises liability" but not to the extent that they are based on the negligence of specific government employees). Other district courts have permitted FTCA claims for general premises liability under negligence theories. Gourgeot v. United States Postal Service, No. 07-1621, 2008 WL 4724382, at *3 (E.D. La. Oct. 24, 2008)(Berrigan, J.)(allegations attributing plaintiff's fall to the condition of the stairs outside the post office stated a claim under the FTCA); Janice v. United States, No. 06-922, 2008 WL 269530, at *6 (W.D. La. Jan. 29, 2008)(allowing FTCA premises liability claim to proceed so long as the claim was not a strict liability claim such that it did not concern an unknown, inherent defect); Jamison v. United States, 491 F. Supp. 2d 608, 617 (W.D. La. 2007)(FTCA did not bar action against United States for general premises liability under Louisiana negligence

theory).¹

Other circuit courts of appeal have recognized a negligence-based premises liability theory of recovery under the FTCA. See, e.g., Hilderbrand v. U.S. Dept. of Army, No. 04-5676, 209 Fed.Appx. 515, 517 (6th Cir. Dec. 26, 2006); Buckson v. United States, No. 03-4151, 2005 WL 2077756 (11th Cir. Aug. 30, 2005); Wark v. United States, 269 F.3d 1185 (10th Cir. 2001); Taylor v. United States, 121 F.3d 86, 8990 (2nd Cir. 1997).

To the extent the plaintiff asserts that the defendant acted unreasonably in failing to dry the wet floor or otherwise prevent the rainwater from creating a slick condition, her claim sounds in negligence, not strict liability. Indeed, the United States does not seek dismissal for lack of subject matter jurisdiction but, rather, contends that it is entitled to summary judgment because the plaintiff cannot establish the elements of her negligence claim. The Court agrees.

III.

In Louisiana, negligence is determined using the duty/risk model, which considers: (1) whether the conduct was a cause-in-fact of the harm; (2) the respective duties owed by the parties; (3)

---

¹ The district court in Jamison pointed out that "any concern that an action alleging facts that would support a premises liability theory under Louisiana law based on strict liability has been negated by the enactment of La. Civ. Code art. 2317.1 [and that] plaintiff has not urged that the United States is liable under a strict liability theory." Jamison, 491 F. Supp. 2d at 617.

7

whether the requisite duties were breached; and (4) whether the risk and harm caused where within the scope of protection afforded by the duty breached. Charles v. United States Postal Service, No. 06-277, 2007 WL 925899, at *3 (E.D. La. Mar. 13, 2007)(citing Peterson v. Gibraltar S & L, 733 So.2d 1198, 1203-04 (La. 1999)).

By focusing on the duties owed and the risks presented, Louisiana law makes clear that

> [t]he mere fact that an accident occurs, absent a res ipsa loquitur situation, does not give rise to even a presumption of negligence. Fault is determined by asking the question: How would a reasonably prudent individual have acted or what precautions would he have taken under the same or similar circumstances? Negligent conduct is determined in the light of the facts and environmental circumstances of each case.

Barrow v. Brownell, 938 So.2d 118, 122 (La.App. 1 Cir. 2006).

Regarding premises liability: "The general rule is that the owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition or warn potential victims of its existence." Vinccinelli v. Musso, 818 So.2d 163, 165 (La.App. 1 Cir. 2/27/02) (citing Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141, 1143 (La.App. 1 Cir.), writ denied, 435 So.2d 429 (La. 1983)). To establish premises liability, the plaintiff has the burden to show:

(1) the property which caused the damage was in the "custody" of the defendant;
(2) the property had a condition that created an unreasonable risk of harm to persons on the premises;

> (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and
> (4) that defendant had actual or constructive knowledge of the risk.

Id. (citations omitted). Where the claim of negligence concerns a defect in the premises, the determination of whether the custodian owed a duty of care turns on whether the condition was unreasonably dangerous. Oster v. Dept. of Transportation and Development, State of Louisiana, 582 So.2d 1285, 1288 (La. 1991) ("the absence of an unreasonably dangerous condition implies the absence of a duty on the part of the defendant"); Centanni v. United States, No. 03-627, 2004 WL 385057, at *2 (E.D. La. Feb. 27, 2004 (Engelhardt, J.)(citing Williams v. Leonard Chabert Medical Center, 744 So.2d 206, 209 (La.App. 1 Cir. 1999), writ denied, 754 So.2d 974 (La. 2000)). The mere "fact that a pedestrian falls does not elevate the condition of the walkway to an unreasonably dangerous defect." Rigdon, 2003 WL 1618569, at *2 (citing Williams, 744 So.2d at 209 (La.App. 1 Cir. 1999), writ denied, 754 So.2d 974 (La. 2000)). In determining whether a danger presented by a condition is unreasonable, the Court considers such factors as (1) whether the condition should have been recognized by the plaintiff in the exercise of reasonable care; (2) the amount and frequency of prior accidents resulting from the alleged defect; (3) the balance between the likelihood and magnitude of harm and the utility of the thing; and (4) social, economic, and moral factors, including the cost to the defendant of avoiding the risk and the social utility

of plaintiff's conduct at the time of the accident. <u>Williams</u>, 744 So.2d at 210; <u>Charles</u>, 2007 WL 925899, at *3-4. "The court must carefully consider all the circumstances surrounding the particular accident," the Louisiana high court instructs, "to determine whether allowing recovery to the particular plaintiff involved, for damages occurring in the particular manner in which the plaintiff was injured, is desirable from the standpoint of justice and the social utility of the conduct of the respective parties." <u>Oster</u>, 582 So.2d at 1289.

The United States, not contesting the facts regarding the post office floor, seeks summary judgment on the ground that Ms. Wiggins fails to show that (a) rainwater itself, tracked in by post office customers, presents an unreasonably dangerous condition, or (b) the post office had actual or constructive knowledge of the unreasonable risk of harm.

A. Unreasonably Dangerous Condition

The plaintiff asserts that, as a result of other post office customers tracking in water from the rain, which stopped immediately prior to her arrival at the post office, she slipped on the wet floor and was injured. The record shows that Ms. Wiggins has been a box holder at the Marrero post office for about eight years, and has visited the post office somewhere between twice a week to twice a month, including on occasions when it had been raining. The defendant draws attention that the plaintiff was

familiar with the premises, as demonstrated by her hundreds of visits to the post office over the course of eight years, the plaintiff's fall can be attributed to her failure to exercise reasonable care on the undisputed facts.

In determining whether rainwater tracked in by post office customers presented an unreasonable risk of harm under the circumstances, the Court first considers whether the condition should have been observed by an individual in the exercise of reasonable care. A condition does not present an unreasonable risk of harm where, in the exercise of reasonable care, it should have been observed by the plaintiff. <u>Williams</u>, 744 So.2d at 211. A determination of what constitutes reasonable care on the part of the plaintiff depends on "the person's age, maturity, experience, familiarity with the premises and dangers, and other such factors which might increase or decrease the risk of harm to that person." <u>Jamison v. United States</u>, 491 F. Supp. 2d 608, 621 (W.D. La. 2007)(quoting <u>Walker Union Oil Mill, Inc.</u>, 369 So.2d 1043, 1047 (La. 1979)). None of these pivotal factors are in dispute.

The summary judgment record shows that Ms. Wiggins had previously been to the post office when it had been raining but had never noticed water on the floor; Ms. Wiggins niece had previously noticed rain being tracked in by post office customers. The United States points out that any person of Ms. Wiggins age (36) and experience (post office customer of 8 years, who had been to

11

the post office on numerous occasions when it had been raining) should have been aware that water would be tracked in by post office customers. Indeed, a premises owner does not have a duty to prevent risks that are obvious and could have been avoided through the exercise of reasonable care. Rigdon, 2003 WL 1618569, at *2; Williams, 744 So.2d at 211. The United States quite simply urges that it had no duty to plaintiff to prevent such a common, foreseeable risk as rain water being tracked into the post office when it has been raining outside.

Ms. Wiggins contends that there was no mat at the entrance to the post office on the day of the accident. The United States, without disputing the absence of the mat, counters that, even if there was no mat at the post office entryway on the day of her fall, that would not relieve the plaintiff of her duty to act with reasonable care. The United States relies on Burns v. Child's Properties, Inc., 156 So.2d 610 (La.App. 3 Cir. 1963), where the court, as a matter of law, rejected a plaintiff's claims for damages after slipping on rain-slicked store floor. The court noted:

> It had been raining all day, and because of the rain, the wet parking lot and the damp sidewalk many customers with wet shoes were entering and leaving the store ..., and in doing so they were tracking water or moisture into the store.... Under those circumstances we think [plaintiff], from experience, mature judgment and observation of such places, should have anticipated that some moisture would be tracked into the store by customers and she should have expected the floor to be damp within a few feet of the principal front door of the building.

12

Id. at 614. The United States also points to St. Julien v. Fireman's Fund Ins. Co., 127 So.2d 245 (La.App. 3 Cir. 1961), where the court rejected the plaintiff's claim that a building owner was negligent for not placing mats on the floor to the entrance to an office building, where she slipped from tracked-in rain water. The court noted that, though the terrazzo surface was slippery when wet and no protective devices were provided, it was not a hazard to someone exercising ordinary care under the circumstances:

> The circumstance that the entrance way to commercial buildings may be more slippery in wet weather than in dry is not of itself sufficient to constitute actionable negligence on the part of the property owner, when such a condition is observable by a reasonably prudent person of ordinary intelligence and when then the entryway can then be traversed in safety by the exercise of ordinary care.

Id. at 247.

Another factor that informs the Court's determination as to whether a risk of harm is unreasonable is the number of accidents caused by the premises' defect. The undisputed summary judgment record shows that, in the past five years (the Marrero post office keeps its records for five years), an average of 500 customers visit the Marrero post office each day, and in that time there have been **no** recorded slip and fall accidents caused by rain tracked in by customers, other than Ms. Wiggins' complaint. This fact further undermines the plaintiff's contention that rain tracked in by post office customers constitutes an unreasonably dangerous condition.

It is undisputed that the plaintiff had been to the Marrero

post office numerous times over the past eight years, and had visited the post office during and after rain storms on prior occasions. It is also undisputed that (in the records for the past five years) no one had ever complained that they had fallen as a result of slippery conditions created by rainwater being tracked into the post office. In light of these circumstances, and as instructed by Louisiana law, no reasonable fact-finder could find from the record evidence that rainwater tracked into the post office constituted an *unreasonably* dangerous condition.

B. No Actual or Constructive Knowledge of the Condition

Even if the rainwater tracked in by someone constituted an unreasonable risk of harm, summary judgment in favor of the defendant is still appropriate: Ms. Wiggins cannot show that the post office knew or should have known of the allegedly dangerous condition.

Ms. Wiggins does not claim that any postal employees had actual knowledge that the floor in the box area was wet from rain -- indeed, it is undisputed that the post office was closed at the time of Ms. Wiggins' fall. Moreover, there is no evidence to support charging the defendant with constructive notice because the record is undisputed that no prior complaints had been made. To ignore the constructive knowledge element of Ms. Wiggins' negligence claim would be to impose strict liability on the defendant. Oster v. Dept. of Transportation and Development, State

14

of Louisiana, 582 So.2d 1285, 1288 (La. 1991)("[u]nder the negligence theory, it is the defendant's awareness of the dangerous condition of the property that gives rise to the duty to act"). The plaintiff has failed to provide evidence in support of her case so as to establish a genuine issue of material fact for trial.

Although the defendant has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The defendant's motion for summary judgment is hereby GRANTED.

New Orleans, Louisiana, July 22, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE